IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **Donna Galley, individually and as Administrator of the Estate of Gary Lee Galley, Misti Dunn, Angel Galley, Charles Galley, and Mary Leeanne Almond, Individually,** | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:18-CV-223-D |
| **Zoll Medical Corporation, Zoll Manufacturing Corporation, Zoll Services, LLC, and John Doe Companies,** | § § § § § § | |
| Defendants. | § | |

## MOTION TO MODIFY AMENDED SCHEDULING ORDER

TO THE HONORABLE COURT:

Comes now the Plaintiffs, Donna Galley, the surviving spouse of Gary Galley, deceased, and her four children, Misti Dunn, Angel Galley, Charlie Galley and Mary Leeanne Almond, and hereby request that the Court modify the Amended Scheduling Order that has been entered in this matter to extend the deadline for designating rebuttal expert witnesses. As grounds therefore, Plaintiffs would respectfully show the Court as follows.

### I.    Requested Relief

The Court's Amended Scheduling Order provides that any party that intends to offer expert testimony to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) must designate expert witnesses and provide expert witness reports on or before November 8, 2019. For good cause as shown below, Plaintiffs are requesting that the Court extend that deadline to December 6, 2019.

## II.     <u>Good Cause Exists for Plaintiffs' Requested Extension</u>

Under the four factors set out in *Shepherd on behalf of Estate of Shepherd v. City of Shreveport,* 920 F.3d 278, 287 (5th Cir. 2019), good cause exists for the Court to grant this extension. The original Scheduling Order entered in this matter extended the time by which Defendants were to provide their expert reports to October 25, 2019. In hindsight, Plaintiffs would have been better served to request a longer extension of time to provide rebuttal expert reports than just the two weeks allotted. But it was not until Defendants served Plaintiffs with their two expert reports at 4:14 p.m. and 10:21 p.m. on the day of the deadline that it become known that Defendants' experts were raising issues previously unforeseen by Plaintiffs.

Of most significance, is the fact that Defendants' causation expert says in his report that the conduct of a previously unnamed Amarillo family practice physician essentially constituted malpractice and that was what caused the death of Mr. Galley. In order to rebut this position, Plaintiffs must now attempt to locate a family practice physician expert who can review the records, analyze the conclusions espoused by Defendants' expert and then prepare a rebuttal report. And all of that must be done within fourteen days of Plaintiffs first learning that the issue has been interjected into the case.

Additionally, Defendants' medical device expert stated in his report that most everything about which Plaintiff Donna Galley testified regarding the events in question are not true and could not have occurred as Ms. Galley says they did. That expert's report also includes opinions regarding the timing and sequence of the alarms emitted by the medical device and is overtly critical of the qualifications and opinions of Plaintiffs' expert, Neil White. The subject matter of this expert's opinion is particularly specific and focuses on a unique medical device, upon which

Plaintiffs must now attempt to locate a rebuttal expert and produce an expert report within a fourteen day period.

In terms of the good cause factors, Plaintiffs assert that:

1. Under the circumstances, through no fault of either party, it will be extremely difficult, if not impossible, for Plaintiffs to meet the existing deadline. Plaintiffs could not have reasonably anticipated that these issues would have arisen, particularly as regards the assertion that a family practitioner's malpractice caused Gary Galley's death. Plaintiffs have scheduled the depositions of the Defendants' experts, both of whom live in Austin, for November 12 and 14. But to expect Plaintiffs to locate the necessary rebuttal experts, allow them time to review the materials, analyze Defendants' reports and then prepare reports of their own, imposes a virtually impossible expectation for Plaintiffs to meet.

2. The requested amendment is of vital importance. It is anticipated that Defendants will most likely file a dispositive motion based upon their experts' opinions. If Plaintiffs are not allowed sufficient time to designate rebuttal experts, their ability to respond in both the motion phase and at trial will be severely hampered.

3. If the Court allows this amendment there will be very little prejudice to Defendants or to the efficient and expeditious progress of this matter. Moving this deadline will not affect discovery as the discovery deadline of January 10, 2020 is still months away. Accordingly, there will be ample time for Defendants to depose any rebuttal experts Plaintiffs might designate. Nor would the preparation of dispositive motions be impacted, as that deadline is also January 10 of next year.

On the other hand, granting this request will allow for a full and fair presentation of the merits for both Plaintiffs and Defendants.

4. If for some reason the Court perceives this extension prejudices Defendants, it might consider extending the deadline that is next on the calendar, which is the December 13, 2019 deadline to object to either party's experts. That deadline could possibly be extended by a short time and thereby alleviate any conceivable prejudice to either party.

### III.   Conclusion

Based upon the above and foregoing factors, and for good cause shown, Plaintiffs request that the Court grant this motion and extend the deadline to designate rebuttal experts from November 8, 2019 to December 6, 2019 and that an Amended Scheduling Order be entered accordingly.

PLAINTIFFS REQUEST AN EXPEDITED CONSIDERATION OF THIS MOTION IN LIGHT OF THE UPCOMING DEADLINE.

Dated this the 30th day of October, 2019.

Respectfully submitted,

By: /s/ Marty L. Rowley
Marty L. Rowley
MARTY L. ROWLEY, P.C.
Texas Bar No. 17347800
112 SW 8th Ave., Ste. 608
Amarillo, Texas 79101
Tel: 806-374-4600
Fax: 806-220-2812
marty@martyrowley.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

  I hereby certify that on the 30th day of October, 2019, I conferred with attorney for Defendants, regarding the relief sought in this Motion. Attorney for Defendants advised that they opposed this Motion.

              */s/ Marty L. Rowley*
              Marty L. Rowley

## CERTIFICATE OF SERVICE

    I hereby certify that on the 30th day of October, 2019, this document was filed electronically with the Clerk of Court for the United States District Court, Northern District of Texas, Amarillo Division. I hereby certify that the following counsel will be served electronically or by any other manner authorized by FED. R. CIV. P. 5(B)(2):

Michelle R. Gilboe  
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP  
Wells Fargo Center  
90 S 7th Street, Suite 2900  
Minneapolis, Minnesota 55402  
Tel: 612-428-5000  
Fax: 612-428-5501  
michelle.gilboe@lewisbrisbois.com

Thomas C. Riney  
Alex L. Yarbrough  
RINEY & MAYFIELD, LLP  
320 South Polk, Suite 600  
Amarillo, Texas 79101  
Tel: 806-468-3200  
Fax: 376-4509  
triney@rineymayfield.com  
ayarbrough@rineymayfield.com

                                                  */s/ Marty L. Rowley*  
                                                    Marty L. Rowley